IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EDUCATIONAL MEDIA COMPANY AT
VIRGINIA TECH, INC., *et al.*,

        Plaintiffs,

v.                                                            Civil Action No. 3:06CV396

J. NEAL INSLEY, *et al.*,

        Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on the Plaintiffs' Motion for a Permanent Injunction (ECF No. 87) and the Order of this Court directing the parties to address this Court's ability to exercise jurisdiction in light of the United States Court of Appeals for the Fourth Circuit's judgment and mandate.[1] (ECF No. 89). For the reasons that follow, the Court will enter final judgment in favor of the Plaintiffs without issuing an injunction prohibiting the enforcement of 3 Va. Admin. Code § 5-20-40(A)(2) ("the challenged regulation") as applied to the Plaintiffs.

**I.**    **No explicit remand exists, raising jurisdictional questions**

Because the Fourth Circuit reversed and did not expressly remand, *Educ. Media Co.*, 731 F.3d at 302 ("[T]he judgment of the district court is REVERSED."), it is not clear whether this Court possesses jurisdiction to rule on the Plaintiffs' motion. While the filing of a notice of

---

[1] This decision presumes familiarity with facts and procedural history of this case. In 2010, the Fourth Circuit reversed this Court's 2008 finding of facial unconstitutionality and the issuance of a permanent injunction. *Educ. Media. Co. at Va. Tech, Inc. v. Swecker*, No. 3:06CV396, at 1 (E.D. Va. June 19, 2008) (ECF Nos. 37-38), *rev'd*, *Educ. Media. Co. at Va. Tech, Inc. v. Swecker*, 602 F.3d 583, 591 (4th Cir. 2010) (reversing, vacating the permanent injunction, and remanding for further proceedings). On a second appeal in 2013, the Fourth Circuit decision reversed again and found that the challenged regulation violated the First Amendment as applied to the Plaintiffs. *Educ. Media Co. at Va. Tech, Inc. v. Insley*, 731 F.3d 291, 302 (4th Cir. 2013).

appeal generally deprives a district court of jurisdiction, *In Re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991) ("The general rule is that the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals."), the Court questions whether and how jurisdiction to order remedies returns to the district court in the absence of an express remand. *Compare Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust*, 824 F.2d 765, 767 (9th Cir. 1987) (citations omitted) ("the mandate of the court of appeals, once issued, returns to the district court"),[2] *and Gerald M. Moore & Son, Inc. v. Drewry & Assocs., Inc.*, 945 F. Supp. 117, 122 (E.D. Va. 1996) (favorably discussing *Caldwell*, 824 F.2d at 766-67) (granting defendant's motion for an order of restitution for monies paid by the defendant after the district court entered judgment for the plaintiff and against the defendant where the defendant filed the motion after the appellate court reversed but did not remand to the district court),[3] *with DuBuit v. Harwell Enters., Inc.*, 540 F.2d 690, 693 (4th Cir. 1976) ("Further jurisdiction of the district court, if any, was dependent upon the terms of the appellate mandate, and when we affirmed the

---

[2] In *Caldwell*, the plaintiffs raised a Title VII challenge to the admission practices of an apprenticeship program operated by the defendants. 824 F.2d at 766. The district court entered judgment for the plaintiffs and awarded back pay, attorneys' fees, and front pay. *Id.* Although the parties stipulated to stay the back pay and attorneys' fees awards pending appeal, the district court denied the defendants' motion to stay the injunction requiring front pay. *Id.* On appeal, the United States Court of Appeals for the Ninth Circuit reversed without remanding. *Id.* The appellate mandate did not authorize or order refunding the front pay and did not remand the case for further proceedings. *Id.* After the district court entered judgment for the defendants, the defendants moved for restitution. *Id.* The district court granted the motion and ordered the plaintiffs to pay back the front pay. *Id.* On appeal again, the Ninth Circuit affirmed, finding that the district court had jurisdiction to consider the motion for restitution and that requiring the plaintiffs to refund the front pay "was entirely consistent with [the Ninth Circuit's] mandate." *Id.* at 767.

[3] In *Drewry & Assocs.*, the district court concluded it possessed "inherent equitable jurisdiction" to order restitution. 945 F. Supp. at 120. The Plaintiffs' request for injunctive relief also implicates this Court's equitable powers. *Salazar v. Buono*, 559 U.S. 700, 714 (2010) ("An injunction is an exercise of a court's equitable authority.").

2

Case 3:06-cv-00396-MHL Document 94 Filed 08/01/14 Page 3 of 6 PageID# 67

final judgment this put an end to the litigation and the district court had no authority to reopen the case for the consideration of attorney fees or for any other purpose.").[4]

Further complicating the matter, the parties disagree not only as to jurisdiction, but also about the necessity of a permanent injunction.[5] However, no party disputes that the Fourth Circuit's 2013 *Educational Media* decision reverses this Court and expressly finds that the challenged regulation "violates the First Amendment[6] as applied to [the Plaintiffs]." *Educ. Media Co.*, 731 F.3d at 302.

## II. The Court exercises limited jurisdiction to enter final judgment

Neither party has sought relief from the Fourth Circuit on any of these issues. In this Court, no final order or final judgment reflecting the Fourth Circuit's finding of unconstitutionality, as applied, exists, meaning this case improperly remains open. This Court must enter final judgment. *See* Fed. R. Civ. P. 58; 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2781 (3d ed. 2014) ("Courts render judgments.") (citation omitted) (internal quotation marks omitted); 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §4478.3 (2d ed. 2014) ("Appellate courts, indeed, ordinarily do not enter the final judgment; that task is accomplished on remand to the district court.") (citation omitted); *see also Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res.*, 71 F.3d

---

[4] In *DeBuit*, the appellate court reversed the district court's award of attorneys' fees in a patent infringement action entered one year after the appellate court had affirmed and issued its mandate. 540 F.2d at 692-93. The appellate court concluded the district court did not have jurisdiction under 35 U.S.C. § 285 to award fees and costs in what the district court addressed as an exceptional case. *Id.*

[5] The Defendants did not respond to the Plaintiffs' motion and noted in Court-ordered supplemental briefing, without citation, that "[a]bsent a rule or statute specifically authorizing it, jurisdiction does not return to a lower court unless the case is remanded." (Defs.' Supp'l Br. 2.)

[6] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

3

1197, 1201 (6th Cir. 1995) (citing 28 U.S.C. § 2106)[7] ("actual closure of cases" occurs in the district court). Because no final judgment or order exists, this Court exercises its limited jurisdiction to close this matter by entering final judgment pursuant to Rule 58.

### III. The Court will not issue an injunction

Whether jurisdiction exists allowing this Court to issue injunctive relief remains less clear. In briefing, the Plaintiffs sought injunctive relief in the Fourth Circuit,[8] but that court did not issue injunctive relief and did not remand to this Court to do so. Plaintiffs did not seek rehearing, or clarification, from the Fourth Circuit when injunctive relief remained unaddressed. This Court struggles to see jurisdiction for injunctive relief encompassed within a Fourth Circuit mandate entirely silent as to remand or equitable remedies.

The jurisdictional defect seems reinforced, in part, because the Plaintiffs have not, in this Court, sought to establish any enforcement action by the Defendants causing harm to the Plaintiffs.[9] While First Amendment principles suggest that the Plaintiffs might qualify for

---

[7] Title 28, Section 2106 of the United States Code states in relevant part: "The Supreme Court or any other court of appellate jurisdiction may . . . remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106 (West 2014).

[8] The Plaintiffs' opening and reply briefs on appeal both request "that the Court permanently enjoin enforcement of [the challenged regulation]." (Opening Br. of Appellant, No. 12-2183, at 30, ECF No. 20 (4th Cir. filed Nov. 21, 2012); Reply Br., No. 12-2183, at 8, ECF No. 39 (4th Cir. filed Jan. 25, 2013).) The 2013 *Educational Media* decision does not address injunctive relief.

[9] Neither party's brief suggested any enforcement action exists or is imminent. The Defendants suggested no credible threat of enforcement or harm exists, (Defs.' Supp'l Br. 2 n.2), but failed to state why, including whether or not they will enforce the regulation.

injunctive relief, that redress may not be available in this context.[10] *See Educ. Media Co.*, 731 F.3d at 302; *Cf. The Pitt News v. Pappert*, 379 F.3d 96, 113 (3d Cir. 2004) (finding a regulation invalid as applied and remanding to the district court for the entry of a permanent injunction against its enforcement). Indeed, in a different procedural posture, this Court issued a permanent injunction against enforcement of this challenged regulation.[11]

While issuing a permanent injunction might be consonant with the appellate decision, this Court will not issue injunctive relief that the Fourth Circuit did not even address, especially absent a remand ordering it to tackle further matters in this case. No explicit remand exists.

---

[10] The absence, on this record, of circuit direction and of enforcement leading to harm causes this Court to refrain from making any findings respecting the four requirements necessary for this Court to award injunctive relief. The Court notes that, after summary review, the Plaintiffs appear to satisfy these requirements. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010) (citation omitted) (irreparable injury; inadequate remedy at law; the balance of hardships; and the public interest); *Legend Night Club v. Miller*, 637 F.3d 291, 297 (4th Cir. 2011); *see Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *Legend Night Club*, 637 F.3d at 302 (citation omitted) ("[M]onetary damages are inadequate to compensate for the loss of First Amendment freedoms."); *id.* at 302-03 (citation omitted) ("[T]he State . . . is in no way harmed by issuance of an injunction that prevents the state from enforcing unconstitutional restrictions."); *id.* at 303 (citation omitted) ("[U]pholding constitutional rights is in the public interest."); *Newsom v. Albemarle Cnty. Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003) ("[U]pholding constitutional rights serves the public interest."); *Lux v. Judd*, 842 F. Supp. 2d 895, 905 (E.D. Va. 2012).

[11] Unlike before, the Plaintiff's filed this injunction motion after the Fourth Circuit issued its mandate and made its finding of unconstitutionality. When this Court issued its previous injunction, it did so on the full record, considering the merits and any remedies before an appeal was filed.

IV. <u>Conclusion</u>

For the reasons stated above, this Court will enter final judgment in favor of the Plaintiffs.

An appropriate Order will follow.

                                                                 /s/
                                                M. Hannah Lauck
                                             United States District Judge

Richmond, Virginia
Date: 8-1-14